[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue in this case, which was tried to the court, is whether the plaintiff, David A. J. Kohn, who was acting local Fire Marshal in the defendant Town of Wilton, is entitled to certain statutory rights regarding his employment in such position. The plaintiff brought a three count complaint against the town, and the two other defendants, Stephen Lucas, the chairman of the Wilton Fire Commission, and William Von Zehle, Jr., chief of the Wilton fire department. The plaintiff alleges in each count that he was discharged from his position as local fire marshal without the notice and hearing mandated by General Statutes §§ 29-297, 29-299, and 29-300.[1]
The plaintiff and the defendants signed a Joint Stipulation of Facts dated August 5, 1994, and agreed that the only issue for the court is the applicability of the above three statutes to a person who is an acting local fire marshal. This joint stipulation provides in pertinent part that due to the absence of the local fire marshal because of illness, the plaintiff was appointed acting fire marshal on July 7, 1987; that in December, 1987, defendant Von Zehle was appointed as the new fire chief for the town of Wilton; that in the spring of 1988 the fire commission and Von Zehle decided to reorganize the fire department by establishing two new positions, Deputy Chief/Operations and Deputy Chief/Fire Marshal; that these new positions were published and the plaintiff, among others, applied for the position of Deputy Chief/Fire Marshal; that in April, 1989 Richard Gough was appointed to this position, and the plaintiff resumed his position as deputy fire marshal, which he held before he was appointed acting fire marshal. CT Page 13685
The plaintiff advances three reasons for his contention that a declaratory judgment should be issued "declaring him to be the Fire Marshal of Wilton, Connecticut" and also that he was entitled to monetary damages. The first claim is that he was never told by the fire commission, or anyone else, that his position as acting fire marshal was only temporary and that he served in that position from July, 1987 to April, 1989. The second reason advanced by plaintiff revolves around General Statutes § 7-302, which affords notice and hearing rights to an active fire chief prior to the termination of his employment.[2] Finally, the plaintiff cites Bartlett v. Krause,209 Conn. 352, 551 A.2d 710 (1988), as authority for his claim of entitlement to notice and hearing prior to the loss of his position as acting fire marshal.
It is this court's opinion that none of the three reasons advanced by the plaintiff in support of his claim for a declaratory judgment is persuasive. With respect to the plaintiff's contention that he was not advised of the temporary nature of his employment as acting fire marshal, there was direct evidence to the contrary by defendant Lucas, the chairman of the town's fire commission, which testimony the court finds to be more credible. In addition, the stipulation of facts contains several indications that the plaintiff knew he was only the acting fire marshal, and that it was not a permanent position.[3]
General Statutes § 7-302 applies to fire chiefs, and not to fire marshals. In addition, the statute refers to "active" fire chiefs, not "acting" and the court believes the word active refers to a full-time, working fire chief, and not to someone who is inactive, for example, due to health reasons, or is retired, or who, for whatever reason, is not on full-time active duty. "Acting," on the other hand, appears to connote someone who is a temporary or interim appointee.[4] The defendants make a good point by arguing that if an "acting" appointee must be afforded the same rights as a permanent employee, a municipality would be reluctant to ever appoint an "acting" employee, for such a person's employment, under plaintiff's theory, could not be terminated except upon notice, hearing, and a finding of probable cause.
Lastly, the case of Bartlett v. Krause, supra, 209 Conn. 352, is not authority that the plaintiff is entitled to the full CT Page 13686 panoply of rights due a permanent local fire marshal. That case involves a person who was appointed to the position of fire marshal, but first had to undergo a probationary period of six months. Id., 353 n. 1. The court held that the plaintiff in that case had a "property interest" in her employment as fire marshal which was protected by due process. Id., 366-67. The court further held that the plaintiff was entitled to the statutory protections of notice, hearing, and due cause for dismissal, because the appointment was permanent, although subject to a probationary period. Id., 380-81. In the present case, the plaintiff was appointed only to an acting position, and hence does not possess a property interest entitled to due process as in Bartlett.
For the above reasons, the plaintiff's request for a judgment declaring that he is the local fire marshal in Wilton is denied, as is his claim for monetary damages, and judgment is entered in favor of the defendants. Costs are to be taxed by the Clerk of this court.
So Ordered.
Dated at Stamford, Connecticut, this 15th day of December, 1994.
William B. Lewis, Judge